IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAM BRADFORD WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 2:16-cv-00112 |
| v. ) | |
| ) | |
| ANDREW M. SAUL, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

TO:   The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

**REPORT AND RECOMMENDATION**

Presently pending is the Plaintiff's Counsel for an Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b) in the amount of $8,000.00. The Commissioner of Social Security has filed a response to the Motion (DE 27) and the matter has been referred to me for a Report and Recommendation on the Motion for Attorney Fees. For the reasons stated below, I recommend the Motion be granted and Plaintiff's Counsel be awarded $8,000.00 as a reasonable fee in accordance with 42 U.S.C. § 406(b).

**I. Background**

This case was filed on December 20, 2016 in *Forma Pauperis* (DE 1 and 2). The case proceeded through routine briefing in accordance with the Scheduling Order (DE 11) and on January 25, 2018, I entered a Report and Recommendation (DE 20) recommending the Plaintiff's Motion for judgment on the Administrative Record (DE 17) be granted. Subsequently, the Report and Recommendation was adopted on February 13, 2018 and the case was remanded to the

Commissioner under the fourth sentence of 42 U.S.C. § 405(g). Judgement was entered for the Plaintiff (DE 22).

After completion on reconsideration by the Commissioner, the Plaintiff was awarded past due benefits of $79,880.50 from which the Commissioner withheld $19,970.13 from her past due benefits to pay her attorney. The Commissioner is at the present time still withholding $13,970.13. Plaintiff's Counsel asks the Federal Court for a fee for work that was done before this Court (DE 23-3). Plaintiff's Counsel seeks a fee in the amount of $8,000.00 noting he spent 18.8 hours on the case and his normal hourly rate would be between $250.00 and $300.00 per hour. Plaintiff's Counsel attached a copy of his employment agreement with the Plaintiff to his Motion (DE 23-4) which provided he would charge and receive as a fee 25 percent of the past due benefits awarded to the Plaintiff in case the case was won. In the fee agreement, Plaintiff acknowledged if he won her case the 25 percent could result in a fee of several thousand dollars per hour on an hourly basis and she understood her attorney was accepting her case because of the possibility of obtaining substantial fees and he assumed the risk he would not receive any fee should he not be successful.

## II. Legal Discussion

The Plaintiff's memorandum in support of the attorney's fees correctly sets out the law concerning fee applications. She notes the fee she is seeking is less then 25 percent of the Plaintiff's past due benefits and is an appropriate award when counsel has taken the case on a contingent fee basis.

Counsel also notes the Plaintiff does not object to the fee to be awarded to her counsel.

The Commissioner filed a response (DE 27) which essentially sets out the same case law as cited by the Plaintiff and notes the factors the Court should weigh in awarding a fee.

Unfortunately, the brief is about helpful as a poke in the eye with a sharp stick in actually assisting the Court in determining whether the fee is reasonable or not. The Court has a duty to review the Motion for fees under 42 U.S.C. § 406(b) and only award a reasonable fee. Unfortunately, the Government's brief is totally devoid of any analysis to assist the Court in determining whether the fee is reasonable under the particular facts of this case. Despite the Government's failure to provide any analysis of the actual fee application itself, the undersigned has reviewed the matter and has determined the application is appropriate and the Plaintiff's Counsel should be awarded a fee of $8,000.00 and the remainder of the amount previously withheld by the Commissioner paid to the Plaintiff subject to any withhold by any appropriate government authorities for other debts allowed to be set off against the award in this case.

### III. Recommendation

For the reasons stated above, the Magistrate Judge recommends the Plaintiff be awarded attorney's fees in the amount $8,000.00.

Any party has fourteen (14) days from receipt of the Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.

Respectfully submitted,

/s/ Joe B. Brown_____
Joe B. Brown
United States Magistrate Judge